UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO DE LOS SANTOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01684-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 30, 31 |

Defendants Specialized Loan Servicing, LLC ("Specialized Loan Servicing") and GS Mortgage-Backed Securities Trust 2019-SL1, U.S. Bank Trust National Association ("the Trust," and collectively, "the defendants") move to dismiss the Second Amended Complaint ("SAC") brought by plaintiff Hilario De Los Santos, who alleges that the defendants violated federal and state law in the process of foreclosing upon and selling his home.[1] After a First Amended Complaint ("FAC"), De Los Santos was left with only one surviving claim: the Rosenthal Act claim. I gave De Los Santos leave to amend his complaint and provide additional allegations that would strengthen his Rosenthal Act claim, which I found to be conclusory and contradictory after the FAC. Surprisingly, De Los Santos completely omitted discussion of the Rosenthal Act claim from the SAC, choosing instead to reiterate claims that I already dismissed with prejudice after the FAC. De Los Santos's claims fail for the same reasons they did before: (1) many of the statutes he invokes are inapplicable to the loan at issue; (2) judicially noticed documents still contradict his allegations; and (3) his allegations are still too conclusory to support his claims. Because De Los Santos has already had two chances to amend complaint, all claims are now DISMISSED with

---

[1] Oral argument on this motion is unnecessary and the hearing set for November 1, 2023 is VACATED.

prejudice.

## BACKGROUND

In May 2006, De Los Santos and his wife obtained a $100,000 loan on their property, located at 1949 20th Street in San Pablo, California. SAC ¶¶ 1, 10. The loan, a Home Equity Line of Credit ("HELOC"), was memorialized in a deed of trust recorded in Contra Costa County on May 10, 2006. *Id.* ¶ 10; *see also* SAC Ex. A.

On April 6, 2020, an assignment of the deed of trust from Bank of America, NA to Goldman Sachs Mortgage Company ("Goldman Sachs") was recorded in Contra Costa County. *Id*. ¶ 11; *see also* SAC Ex. B. Less than one year later, on January 7, 2021, a second assignment of the deed of trust was recorded, assigning it from Goldman Sachs to the Trust. *Id.* ¶ 12; *see also* SAC Ex. C.[2]

The SAC alleges that on June 30, 2022, a notice of default and election to sell under a deed of trust was recorded in Contra Costa County. SAC ¶ 13; (citing Ex. D). On October 28, 2022, a notice of trustee's sale was recorded, setting a December 1 sale date. *Id.* ¶ 14 (citing Ex. E). The property was sold that same day. *Id.* A trustee's deed upon sale was recorded on December 29, 2022. *Id.* ¶ 15 (citing Ex. F).

De Los Santos alleges that he did not receive certain information by law as his deed of trust exchanged hands. *See, e.g.* ¶ 18. He alleges that the Trust failed to advise him within 30 days that his deed of trust was transferred or assigned to a third party and that he received "no mail or messages" about foreclosure alternatives before notice of default was recorded. *See id.* ¶¶ 18, 21, 22.

De Los Santos sued the defendants in state court in February 2023, bringing nine counts, including violations of the federal Truth in Lending Act ("TILA"), California Homeowner Bill of Rights ("HBOR"), and the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). Dkt. No. 1-1. The defendants removed the action to this court and moved to dismiss. Dkt. Nos. 1,

---

[2] De Los Santos refers to the Trust as "U.S. Bank" in his SAC. *See* SAC ¶ 3. Because I referred to this defendant as "the Trust" in both of my prior Orders, I will do so again for consistency's sake. The other defendant, Specialized Loan Servicing, is the "purported current loan servicer and beneficiary of" the loan at issue. *Id.* ¶ 2.

2

6. I granted their unopposed motion, finding that De Los Santos's claims failed either because the relevant statutes did not apply to the loan at issue, judicially noticed documents contradicted his allegations, or his allegations were too conclusory to proceed. Order Granting Mot. to Dismiss ("First MTD Order") [Dkt. No. 17] at 1:13-22. De Los Santos then filed a FAC, asserting most of the same claims as before, which the defendants again moved to dismiss. Dkt. Nos. 19, 21. I granted the motion to dismiss with prejudice as to all claims except the Rosenthal Act claim, which I allowed De Los Santos to amend, and the UCL claim to the extent it was affected by any amendments to the Rosenthal Act claim. Order Granting Mot. to Dismiss ("Second MTD Order") [Dkt. No. 27] at 1:13-23. De Los Santos then filed the SAC, re-asserting all of the claims I previously dismissed with prejudice and failing to address the claim I allowed him leave to amend, the Rosenthal Act claim. *See generally* SAC. The defendants again moved to dismiss. Mot. to Dismiss ("Mot.") [Dkt. No. 30].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts his allegations as true and draws all reasonable inferences in his favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to

3

1    amend the pleading was made, unless it determines that the pleading could not possibly be cured

2    by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making

3    this determination, the court should consider factors such as "the presence or absence of undue

4    delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

5    undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*

6    *Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

None of the claims in the SAC has merit. De Los Santos reasserts five claims that have already been dismissed with prejudice.[3] Each fails.[4] De Los Santos omitted the Rosenthal Act claim from the SAC; it was the only claim he was given leave to amend. It is now also dismissed with prejudice.

### A.  HBOR Claims

I previously dismissed De Los Santos's HBOR claims under California Civil Code sections 2923.5 and 2924.9 with prejudice because these provisions "apply only to a first lien mortgage or deed of trust" and judicially noticed records—specifically, a $255,000 deed of trust recorded on December 14, 2005—showed that the $100,000 HELOC at issue is a junior loan. *See* Second MTD Order at 4:6-15. De Los Santos reasserted this claim anyway. The SAC does not allege any new facts that would plausibly show that his claims arise from a first lien mortgage or deed of trust. *See* SAC ¶¶ 10-22.

---

[3] De Los Santos reasserts claims one (violation of Civ. Code. § 2923.5), three (violation of Civ. Code § 2924.9), seven (negligence), eight (violation of Bus. & Prof. Code § 17200), and nine (violation of Civ. Code. § 3412).

[4] The defendants again request that I take judicial notice of eight documents: the first deed of trust recorded on December 14, 2005; the second recorded on May 10, 2006; the April 6, 2020, assignment of deed of trust to Goldman Sachs; the January 7, 2021, assignment to the Trust; a June 13, 2022, substitution of trustee; the June 30, 2022, notice of default; the October 28, 2022, notice of trustee sale; and the December 29, 2022, trustee's deed upon sale. *See* Defs.' RJN [Dkt. No. 31] Exs. 1-8. Each of these documents was recorded and are matters of public record. *See, e.g.*, *Wen v. Greenpoint Mortg. Funding, Inc*., No. 21-CV-07142-EMC, 2021 WL 5449048, at *1 n.1 (N.D. Cal. Nov. 22, 2021); *Mejia v. JPMorgan Chase Bank, N.A*., No. 21-CV-01351-HSG, 2021 WL 2258710, at *2 (N.D. Cal. June 3, 2021); *Freitas v. Bank of Am. N.A*., No. C-19-03347-WHA, 2019 WL 5872415, at *3 (N.D. Cal. Nov. 11, 2019). I will consider these documents, along with the exhibits attached to the FAC, without converting this motion to one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

4

For these reasons, claims one and three remain DISMISSED with prejudice.

**B.     Negligence**

I previously dismissed De Los Santos's negligence claim with prejudice, largely because the FAC did not adequately allege any breach. Second MTD Order at 7:6-7. Nevertheless, he reasserted it. As I stated in the prior order, a plaintiff bringing a negligence claim must sufficiently allege: (1) duty; (2) breach; (3) causation; and (4) damages. *Id.* 7:3-4; *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 314 (N.D. Cal. 2018). Like the FAC, the SAC is void of any allegations that De Los Santos submitted a loan application or that the defendants offered him a loan that they knew he could not afford and would ultimately default on. *See generally* SAC. Once again, while the claim suffers from other deficiencies, De Los Santos's failure to allege breach is fatal.

For this reason, claim seven remains DISMISSED with prejudice.

**C.     UCL**

I also dismissed De Los Santos's UCL claim, though I allowed him to reassert it to the extent that he chose to amend his Rosenthal Act claim. Second MTD Order at 10:19-22. Despite this instruction, De Los Santos reasserted his UCL claim in the SAC but has not amended his Rosenthal Act claim. *See generally* SAC. His UCL claim still fails for the same reasons it did before.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. It "operates as three-pronged statute," where each "captures a separate and distinct theory of liability." *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) (citations and quotations omitted). The SAC alleges violations of the unlawful and unfair prongs of the UCL. SAC ¶¶ 65, 66. "Violation of almost any federal, state, or local law may serve as the basis for a claim under the unlawful prong of the UCL." *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 758 (N.D. Cal. 2019) (citation omitted).

For reasons I have explained twice, De Los Santos has not plausibly alleged violations of other laws to support a claim under this prong of the UCL. Second MTD Order at 10:1-8; *see generally* First MTD Order. The SAC appears to once again allege that the defendants violated

5

the "unfair" prong by: (1) violating the HBOR (including "by failing to timely and fairly evaluate plaintiff's application for loan modification"); (2) failing to contact him prior to and after filing the notice of default; and/or (3) providing De Los Santos with "misleading" information about "the status of his loan modification review and what he was supposed to do to satisfy the lender's demands." See SAC ¶¶ 60, 65-66, 70-71. Yet De Los Santos does not plausibly allege any violation of any federal, state, or local law. *See generally* SAC. He also has still not shown how defendants' purported conduct injures customers. *See In re Adobe Sys.*, 66 F. Supp. 3d at 1226. He has not plausibly alleged an "unfair" UCL claim.

It is not apparent whether De Los Santos is also pleading a violation of the "fraudulent" prong of the UCL in his SAC, but to the extent that he does, it falls short. This is particularly true considering the heightened standard of pleading for the UCL's "fraudulent" prong. "'Fraud' is an 'intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.'" *Beatty v. PHH Mortg. Corp.*, No. 19-CV-05145-DMR, 2019 WL 6716295, at *14 (N.D. Cal. Dec. 10, 2019) (citing Cal. Civ. Code § 3294(c)(3)). A claim asserted under the UCL's "fraudulent" prong is subject to Federal Rule of Civil Procedure 9(b)'s heightened standard of pleading. *See id*. The SAC appears to allege, as the FAC did, that the defendants acted fraudulently when they violated "California Civ. Code §§2923.5, 2923.6(c), 2924.9, Title 12 §1026.41, Civ. Code §1788.30, Fin. Code §4973(f)(1), Fin. Code §4979.5," SAC ¶ 62, but De Los Santos has not plausibly alleged violations of these laws or any other potentially fraudulent acts with specificity.

These claims are all duplicative of the claims I dismissed after the FAC. De Los Santos has not amended his Rosenthal Act claim, which was the sole route I provided to him for reasserting his UCL claim. After two amended complaints, De Los Santos has not alleged any new facts that would salvage his UCL claim.

Claim eight is now DISMISSED in its entirety, with prejudice.

### D. Cancellation of Written Instruments

Finally, I already dismissed De Los Santos's claim under California Civil Code section

3412 with prejudice. De Los Santos reasserted it anyway. Under section 3412, a court may order the cancellation of a written instrument if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." To plead a claim to cancel an instrument, a plaintiff must plausibly allege: (1) "the instrument is void or voidable"; and (2) "there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh*, 1 Cal. App. 5th 767, 778 (2016).

The SAC once again alleges that the notices of default and trustee's sale are "voidable or void ab initio" because the defendants violated the laws discussed above. *See* SAC ¶¶ 76-77. But De Los Santos has not pleaded any new facts that adequately allege that these laws were violated, nor does he plead any additional facts to show why these documents are void or voidable. And the judicially noticed record once again undercuts many of his allegations.

Claim nine remains DISMISSED with prejudice.

## CONCLUSION

The defendants' motion to dismiss is GRANTED without leave to amend. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: October 27, 2023



William H. Orrick
United States District Judge